

# Missouri Court of Appeals

## Southern District

### Division One

IN THE INTEREST OF:    )
M.K.S, a minor child.    )
    )
LAWRENCE COUNTY JUVENILE    )
OFFICE,    )
    )
        Petitioner-Respondent,    )
    )
        vs.    )      No. SD36702
    )
W.J.S.,    )      **Filed: December 2, 2020**
    )
        Respondent-Appellant.    )

APPEAL FROM THE CIRCUIT COURT OF LAWRENCE COUNTY

Honorable Scott S. Sifferman, Associate Circuit Judge

**AFFIRMED**

M.K.S. ("Child") was taken into foster care in 2016, at five years of age, when her mother W.J.S. ("Mother") was incarcerated for the second time in Child's life for a parole violation; Mother was also incarcerated, and thus separated from Child, from 2012 to 2015. Child was in the care of family, but Children's Services determined that the environment was inappropriate; she suffered from several medical and dental issues, as well as a mental disorder known as Reactive Attachment Disorder ("RAD"). RAD is

1

diagnosed in children who have a "consistent pattern of inhibited, emotionally withdrawn behavior toward adult care caregivers."[1]  A child suffering from RAD has generally experienced either social neglect or deprivation by having her emotional needs denied by adults or repeated changes in primary caregivers that allow for limited opportunities to form stable attachments to adults.  Mother now claims in a single point relied on that it was not in Child's best interest that her parental rights be terminated.  We deny Mother's point.

When determining whether the termination of parental rights is in a child's best interest, section 211.447.7, RSMo Cum.Supp. 2018, requires the court to consider the following factors:

> (1) The emotional ties to the birth parent;
> (2) The extent to which the parent has maintained regular visitation or other contact with the child;
> (3) The extent of payment by the parent for the cost of care and maintenance of the child when financially able to do so including the time that the child is in the custody of the division or other child-placing agency;
> (4) Whether additional services would be likely to bring about lasting parental adjustment enabling a return of the child to the parent within an ascertainable period of time;
> (5) The parent's disinterest in or lack of commitment to the child;
> (6) The conviction of the parent of a felony offense that the court finds is of such a nature that the child will be deprived of a stable home for a period of years; provided, however, that incarceration in and of itself shall not be grounds for termination of parental rights;
> (7) Deliberate acts of the parent or acts of another of which the parent knew or should have known that subjects the child to a substantial risk of physical or mental harm.

There is no requirement that a certain number of factors be found against Mother before termination can take place.  *Interest of C.E.B.*, 565 S.W.3d 207, 218 (Mo.App. S.D. 2018).  The presence of a single factor could support the determination of a child's best

---

[1] *See* DSM-5 information regarding RAD:  https://www.ncbi.nlm.nih.gov/books/NBK537155/ (last visited December 1, 2020).

interest when it is reviewed in the totality of the circumstances and that finding is a subjective assessment made by the trial court that is not reweighed by this Court. *Id.* The trial court found: (1) Child had no emotional ties to Mother, (2) Mother did not maintain contact with Child; (3) Mother failed to contribute to the cost of care of Child; (4) no services would bring about lasting parental adjustment to return Child to Mother's care; (5) Mother lacked commitment to Child; and (6) Mother had felony convictions which would deprive Child of a stable home for a period of years. Those findings are clearly supported by the record.

Child, as noted above, has spent roughly seven of her nine years out of Mother's care. Although Mother was not allowed visitation because of her incarceration and upon recommendation of Child's therapist, the fact remains that there are no emotional ties between Child and Mother.[2] Furthermore, Mother maintained contact through four letters (none since March 2018) and did not offer financial support with no explanation of her ability to pay or support Child. Finally, Mother was convicted of a felony with an unknown release date but it is expected to be in 2026. Thus, the court was free to find that Child will be deprived of a stable home for a period of years. Because Child has a diagnosis that she suffered from unstable care from adults, caused by Mother's actions, and because she is in a home that is providing treatment and care for the condition, to move her again in anticipation of possible stability six years from now does not support Child's best interest.

The totality of the circumstances supports the finding that it is in Child's best interest to terminate Mother's rights. The point is denied.

---

[2] Again, the issue before us is not whether Children's Services erred in denying visitation for four years. The issue is whether at this point in time is it in the best interests of Child to sever the parental relationship.

The Judgment is affirmed.


Nancy Steffen Rahmeyer, P.J. – Opinion Author

Daniel E. Scott, J. – Concurs

William W. Francis, Jr., J. – Concurs